UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

           Plaintiff,

   v.

12 N PARK VICTORIA LLC, et al.,

           Defendants.

Case No.  20-cv-02200-VC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 37

Johnson is ordered to show cause why the Court should not revisit Judge Koh's decision to award statutory damages for each of Johnson's three alleged visits to the gas station. As this Court has noted, "there would be serious equitable concerns if a plaintiff could rack up statutory damages by visiting an establishment time and time again before filing a lawsuit to claim damages based on each and every one of those visits." *Castillo-Antonio v. Mata*, 549 F. Supp. 3d 1050, 1052 (N.D. Cal. 2021). Just as in prior cases filed by this plaintiff and this law firm, there is no indication that Johnson informed either defendant of the alleged ADA violations before filing this lawsuit; "instead, he just kept returning to the store. This despite the fact that Johnson is a sophisticated, repeat ADA plaintiff who works regularly with attorneys on these types of cases." *Johnson v. Hong*, 2021 WL 5370950, at *1 (N.D. Cal. Nov. 18, 2021).

Johnson must also explain why the motion for default judgment against the entity defendant should not be denied with prejudice for any (or all) of the following reasons:

   1.  The motion for default judgment makes no effort to address the service deficiencies Judge Koh identified in her denial of Johnson's last request for default judgment against this defendant. The motion's discussion of service is cursory at best, which is surprising given that it

was the dispositive ground for Judge Koh's prior ruling. What's more, the meager discussion of service in the motion is clearly wrong. The motion points the Court to "Docket Entry 10" for proof of service, which is the old proof of service Judge Koh deemed deficient. It appears the new proof of service is located at Docket No. 23. The motion also claims the entity defendant was personally served when the proof of service indicates that the entity was instead served via substitute service.

2.   More significantly, the server's affidavit attached to the new proof of service does not appear to include the information required by Cal. Civ. Proc. Code § 412.30. Judge Koh specifically identified this deficiency in her prior ruling, and the plaintiff has failed to address—or apparently, to remedy—it in this round of filings.

3.   Less important given the Court's inclination to deny this motion with prejudice, the motion's request for attorneys' fees is unclear. Counsel requests a different amount of fees in the motion and the Handy declaration.

4.   The motion also does not inform the Court that the award of attorneys' fees and costs should be joint and several between the two defendants. Perhaps this is an innocuous omission; surely plaintiff's counsel is well aware they cannot double-recover the fees and costs incurred in this case from both defendants. But even if accidental, this omission further illustrates the lack of care plaintiffs' counsel gave to this motion.

5.   Apart from a cursory allegation upon information and belief that employees or affiliates of the gas station are using the store's disability parking spots (which, while likely a violation of municipal traffic law, does not at first blush appear to be an ADA violation the gas station can be held liable for), the complaint does not sufficiently allege specific ADA violations Johnson encountered on his visit to the gas station. Instead, Johnson attempts to specify and prove those violation by attaching exhibits to his motion for default judgment. To top off the many problems with this case, those exhibits are improperly filed. They should be attached to a declaration that identifies and authenticates them, not attached as standalone exhibits to a motion.

Within 7 days of this order, the plaintiffs must file a brief, no longer than 10 pages,

2

responding to these concerns. The hearing on April 14, 2022, is rescheduled for 9:30 a.m. on April 21, 2022, in person.

**IT IS SO ORDERED.**

Dated: April 12, 2022

VINCE CHHABRIA
United States District Judge