UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>12 N PARK VICTORIA LLC, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02200-VC<br><br>**ORDER OF RECONSIDERATION**<br>Re: Dkt. No. 21 |

At any time before final judgment is entered and for any reason, a district court may sua sponte reconsider its own interlocutory orders. *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004). For reasons that are not entirely clear, a court seeking to reconsider an interlocutory order issued by another judge previously assigned to the case must identify "cogent reasons" or "exceptional circumstances" for doing so. *Castner v. First National Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960) (first quoting *Shreve v. Cheesman*, 69 F. 785, 791 (8th Cir. 1895); and then quoting *T.C.F. Film Corp. v. Gourley*, 240 F.2d 711, 714 (3d Cir. 1957))).

Such reasons exist in this case. It would be manifestly unjust for the prior default judgment order awarding $12,000 in statutory damages against the individual defendant, Jalal Khalilzadeh, to stand. Johnson, who bears the burden of proof on a motion for default judgment, has not shown that the facts warrant an award of statutory damages for all three of his visits to the gas station. *See Castillo-Antonio v. Mata*, 549 F. Supp. 3d 1050, 1052 (N.D. Cal. 2021). There is no evidence that he informed Khalilzadeh of the alleged ADA violations before bringing this lawsuit or that he had any reason to believe that the barriers he encountered would be rectified before his next visit. *See id.* Instead, just as in prior cases filed by Potter Handy on

Johnson's behalf, Johnson "just kept returning to the store. This despite the fact that Johnson is a sophisticated, repeat ADA plaintiff who works regularly with attorneys on these types of cases." *Johnson v. Hong*, 2021 WL 5370950, at *1 (N.D. Cal. Nov. 18, 2021). That practice raises serious equitable concerns. *See Castillo-Antonio*, 549 F. Supp. 3d at 1052.

Accordingly, the statutory damages previously awarded against Khalilzadeh are reduced from $12,000 to $4,000. *See* Fed. R. Civ. P. 55, advisory committee's note to 2015 amendment ("Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time."). The amount awarded for attorneys' fees and costs, $3,640, remains the same.

The orders to show cause are lifted. *See* Dkts. No. 45, 48, 49. Because Johnson has consented to the dismissal of the claim against the entity defendant, 12 N Park Victoria LLC, the pending motion for default judgment against that defendant is terminated as moot. *See* Dkt. No. 37. Johnson must file a stipulation to dismiss 12 N Park Victoria within 7 days of this order. At that point, the Court will enter final judgment in the case.

**IT IS SO ORDERED.**

Dated: June 3, 2022

VINCE CHHABRIA
United States District Judge